UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>– against –<br><br>ACESHUNN BROWN<br><br>Defendant. | MEMORANDUM AND ORDER ON PETITIONER'S REQUEST FOR SENTENCING RELIEF PURSUANT TO 28 U.S.C. § 2255<br><br>07-CR-202 |
| ACESHUNN BROWN,<br><br>Petitioner,<br><br>– against –<br><br>UNITED STATES OF AMERICA<br><br>Respondent. | 16-CV-2932 |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 2 6 2017 ★
BROOKLYN OFFICE

**JACK B. WEINSTEIN, Senior United States District Judge:**

Aceshunn Brown, an inmate at a federal prison, timely filed the instant motion for sentencing relief on the ground that his a prior conviction for attempted second-degree robbery in New York State no longer qualifies as a "violent felony" under the Armed Career Criminal Act ("ACCA"). Because his federal sentence was premised on that state conviction being classified as a violent felony, he believes he is entitled to sentencing relief. For the reasons stated below, Brown's motion is granted. He is resentenced as detailed below.

In 2008, Brown pled guilty to a violation of 18 U.S.C. § 922(g), a crime which normally carries a maximum sentence of 10 years in prison. Brown was subject to an enhanced mandatory minimum sentence of 15 years in prison under the ACCA because "Brown was convicted of

1

three violent felonies or serious drug crimes." *See* ECF No. 79[1] at 2-3. Two of the three relevant convictions were convictions for second-degree armed robbery in violation of New York Penal Law § 160.10. *See* Exh. A to ECF No. 144.

The ACCA requires that a person convicted of violating 18 U.S.C. § 922(g) be "imprisoned not less than fifteen years" if the person "has three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that has as an element the use, attempted use, or threatened use of physical force against the person of another; or is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(i)-(ii).

In *Johnson v. United States*, the Supreme Court held that the ACCA's "residual clause"—the portion of the statute providing for an enhanced statute if a person is convicted of a felony that "otherwise involves conduct that present a serious potential risk of physical injury to another—is unconstitutionally vague and "[i]ncreasing a defendant's sentence under the clause denies due process of law." 135 S. Ct. 2551, 2557 (2015) ("*Johnson I*"). The Court later held that this ruling applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

On June 6, 2016, Brown filed pro se a motion for sentencing relief pursuant to 18 U.S.C. § 2255, arguing that at least one of his two prior convictions for attempted second-degree

---

[1] All references are to the criminal docket in this case, 07-CR-202.

robbery in New York state no longer qualify as "violent felonies" under the ACCA after *Johnson I*. Brown thereafter obtained counsel and received permission from the Court of Appeals for the Second Circuit to file a successive §2255 petition. The motion was transferred back to this court, and this court was directed to "stay the proceeding pending the [decision by the Court of Appeals for the Second Circuit] in *United States v. Jones*, 2d Cir. 15-1518." ECF No. 142. The appellate court gave this court the discretion to terminate the stay sua sponte or upon a motion. *Id.* Following the transfer of this motion, the defendant moved in this court for sentencing relief, and after receiving briefing from both parties, the court held a hearing on the motion.

Brown is correct that the ACCA sentencing enhancement does not apply to his 2008 conviction for violating 18 U.S.C. § 922(g). The "residual clause" is unconstitutionally vague, and robbery is not one of the offenses enumerated in the ACCA. The enhancement could only apply to him if second-degree robbery in New York is a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. 924(e)(2)(B)(i). The requisite "physical force" is "violent force—that is, force capable of causing physical pain or injury to another person." *United States v. Johnson*, 559 U.S. 133, 140 (2010) ("*Johnson II*").

In New York, "[a] person is guilty of robbery in the second degree when he forcibly steals property and when:

> 1. He is aided by another person actually present; or
> 2. In the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:
>    (a) Causes physical injury to any person who is not a participant in the crime; or
>    (b) Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm; or
> 3. The property consists of a motor vehicle, as defined in section one hundred twenty-five of the vehicle and traffic law."

3

N.Y. Penal Law § 160.10. Because elements of this offense are listed in the alternative, the statute is divisible and the modified categorical approach must be used. The court may look to certain documents—rather than just the statute itself—to determine which elements of the statute Brown ran afoul of when he was convicted. Once that is determined, the categorical approach is used to determine if the crime of conviction is a "violent felony" under the ACCA. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). Under the categorical approach, "we focus on the nature of the offense rather than on the circumstances of the particular crime. Consequently, only the minimum criminal conduct necessary for conviction under a particular statute is relevant." *United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006); *see also United States v. Barrow*, 2017 WL 519305, at *3 (E.D.N.Y. Feb. 2, 2017) (holding that a prior conviction is not a predicate offense under the Sentencing Guidelines if the statute that provides the basis for the prior conviction "sweeps more broadly than the generic crime described in the Guidelines") (alteration omitted).

According to his certificates of disposition, one of Brown's convictions was based on clause 1 of N.Y. Penal Law 160.10, and one of his convictions was based on clause 2(a). Exh. A to ECF No. 144. Examining the conviction premised on a violation of clause 1, the only element of the crime that could possibly involve "violent force" is the requirement that a person convicted under the statute "forcibly steal[] property." The force necessary to "forcibly steal" in New York does not rise to the level of force that must be used for a crime to be a "violent felony" under the ACCA. *United States v. Moncrieffe*, 167 F. Supp. 3d 383, 403 (E.D.N.Y. 2016) ("New York courts have explained that the 'physical force' threatened or employed can be minimal, including a bump, a brief tug-of-war over property, or even the minimal threatened force exerted in 'blocking' someone from pursuit by simply standing in their way."); *Thrower v.*

*United States*, 2017 WL 1102871, at *9 (E.D.N.Y. Feb. 13, 2017) ("[U]nder New York law, a defendant can be convicted of robbery when he uses force sufficient to overcome a victim's resistance without necessarily putting the victim at risk of pain or injury."); *United States v. Johnson*, 2016 WL 6684211, at *6 (E.D.N.Y. Nov. 12, 2016) ("[New York] Appellate Division decisions demonstrate that robbery in New York does not necessarily involve force 'capable of causing physical pain or injury to another,' as is required under *Johnson I*."). Brown's conviction for violating N.Y. Penal Law 160.10, cl. 1, is not a conviction for a "violent felony" under the ACCA.

Brown did not have three convictions for "violent felonies" under the ACCA when he was convicted for violating 18 U.S.C. § 922(g). His motion for sentencing relief pursuant to 18 U.S.C. § 2255 is granted. Brown has already served ten years in custody, the maximum sentence permitted for a violation of 18 U.S.C. § 922(g). Brown is re-sentenced to time served in custody. All aspects of his original sentence—other than the term of incarceration—remain unchanged. *See* ECF No. 79. This sentence is "sufficient, but not greater than necessary" to advance the deterrence, incapacitation, and rehabilitative purposes of sentencing. 18 U.S.C. § 3553(a).

Brown shall be released forthwith. The government shall provide him with transportation to Orlando, Florida. Once in Orlando, he shall report to the United States Probation Office for the Middle District of Florida within 72 hours. The United States Probation Office for the Middle District of Florida shall be responsible for supervising Brown during his period of supervised release, which shall begin when he reports to that office following his release.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: May 26, 2017
Brooklyn, New York