```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
UNITED STATES OF AMERICA,                                   :
                                                            :   **MEMORANDUM**
                                                            :   **DECISION AND ORDER**
              - against -                                   :
                                                            :   07-cr-0202 (BMC)
                                                            :   19-cv-6773 (BMC)
ACESHUNN BROWN,                                             :
                                                            :
                              Defendant.                    :
                                                            :
----------------------------------------------------------  X
```

**COGAN**, District Judge.

Presently before me is defendant's motion for habeas corpus relief under 28 U.S.C. § 2255, in which he seeks to vacate his conviction based on Rehaif v. United States, 139 S. Ct. 2191 (2019). Defendant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Judge Weinstein, to whom this case was previously assigned, sentenced him on May 7, 2008 to 180 months' custody, among other things. The sentence was based, in part, on 18 U.S.C. § 924(g)(2), which provides that a defendant who knowingly violates § 922(g) can be imprisoned for up to 10 years.

Defendant's Rehaif argument has two aspects: (1) the indictment was jurisdictionally deficient because it did not expressly allege that defendant knew that he had been previously convicted of a felony punishable by more than one year in prison; and (2) even if an express allegation was jurisdictionally unnecessary, defendant would not have entered a guilty plea had he been advised that knowledge of his status as a convicted felon was an element of the charged offense.

Subsequent to the filing of defendant's motion, the Second Circuit squarely rejected defendant's first argument in another case, see <u>United States v. Balde</u>, 943 F.3d 73, 88-93 (2d Cir. 2019), and so it need not detain us here.

Defendant's second argument is belied by the record in this case. At his guilty plea allocution, defendant acknowledged that he had been previously convicted of a felony, a drug offense in Virginia for which he had been imprisoned from 2001 through 2006. Defendant argues that this only shows that he knew of his status at the time of his guilty plea, not at the earlier time that he possessed the weapon. However, having recently served five years in prison, defendant knew at the time he possessed the firearm that he had been previously sentenced to a felony conviction punishable by more than one year's imprisonment. 18 U.S.C. § 922(g). He articulated to as much during his allocution:

> The Court: And that was a sentence – that was a felony for which punishment exceeded – potential punishment exceeded a year:
>
> Defense Counsel: It was five to 40, Judge. …
>
> The Court: Is that correct, Mr. Brown?
>
> The Defendant: Yes, Your Honor.

Defendant does not and could not contend that <u>Rehaif</u> or any other authority requires the specific *mens rea* to violate the statute. It is enough if defendant knows, at the time he illegally possessed the weapon, that he had been convicted of a prior felony punishable by more than one year's imprisonment. The record establishes that he clearly did. To the extent defendant is suggesting that he would not have pled guilty had he known that the Government would have to prove up his prior felony, that suggestion is incredible on its face. The Government would have proven the prior felony with a piece of paper, a certified copy of the prior conviction. <u>Rehaif</u> didn't change the equation for this defendant's decision to plead guilty at all.

Defendant's motion for habeas corpus relief is therefore denied.[1] As it raises no substantial constitutional issue, a certificate of appealability shall not issue. See 28 U.S.C. § 2253(c). Because an appeal from this Order would not be taken in good faith, *in forma pauperis* status is denied for purposes of an appeal. See Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       February 12, 2020

---

[1] Defendant originally made his arguments in a "motion to vacate the indictment for lack of subject matter jurisdiction". [179]. That motion was subsumed by his subsequent § 2255 motion. [189]. This decision denies both motions.